LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Tel:   (818) 347-3333; Fax: (818) 347-4118

RANDOLPH & ASSOCIATES
Donald C. Randolph (SBN 62468)
Albert Oganesyan (SBN 285637)
albert@randolphassociates.com
1717 Fourth Street, Third Floor
Santa Monica, CA 90401
Tel: (310) 395-7900; Fax: (310) 395-1833

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DAVID POWELL, SR., individually and as a successor-in-interest to David Powell, Jr., deceased; ROSEMARY RENTERIA, individually and as a successor-in-interest to David Powell, Jr., deceased, LORETTA CHAVEZ, individually; and G.L., a minor, individually, by and through his guardian *ad litem* Loretta Chavez,

            Plaintiffs,

      vs.

CITY OF BARSTOW; JUAN ZEPEDA; ANDREW BUESA; and DOES 3-10, inclusive,

            Defendants.

Case No. 5:16-cv-01472-JGB-KK

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Substantive Due Process (42 U.S.C. § 1983)
5. Municipal Liability—Ratification (42 U.S.C. § 1983)
6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. False Arrest/False Imprisonment
9. Battery (Wrongful Death)
10. Negligence (Wrongful Death)
11. Violation of Cal. Civil Code § 52.1
12. Negligence—Bystander

**DEMAND FOR JURY TRIAL**

## <u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>

COME NOW Plaintiffs David Powell, Sr., individually and as a successor-in-interest to David Powell, Jr., deceased; Rosemary Renteria, individually and as a successor-in-interest to David Powell, Jr., deceased; Loretta Chavez, individually; and G.L., a minor, individually, by and through his guardian *ad litem* Loretta Chavez, for their Complaint against Defendants City of Barstow, Juan Zepeda, Andrew Buesa, and Does 3-10, inclusive, and allege as follows:

### <u>JURISDICTION AND VENUE</u>

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### <u>INTRODUCTION</u>

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of David Powell, Jr., on September 14, 2015.

**PARTIES**

4.     At all relevant times, David Powell, Jr. ("DECEDENT") was an individual residing in the County of San Bernardino, California. DECEDENT was 28 years old at the time of his death.

5.     Plaintiff ROSEMARY RENTERIA ("RENTERIA") is an individual residing in the County of San Bernardino, California and is the natural mother of DECEDENT.  RENTERIA sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  RENTERIA seeks both survival and wrongful death damages under federal and state law.

6.     Plaintiff DAVID POWELL, SR. ("POWELL") is an individual residing in the Lake County, Florida and is the natural father of DECEDENT.  POWELL sues both in his individual capacity as the natural father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  POWELL seeks both wrongful death and survival damages under federal law.

7.     Plaintiff LORETTA CHAVEZ ("CHAVEZ") is an individual residing in the County of San Bernardino, California and is the natural sister of DECEDENT. CHAVEZ sues in her individual capacity and seeks compensatory damages for negligent infliction of emotional distress.

8.     Plaintiff G.L. is an individual residing in the County of San Bernardino, California and is the natural nephew of DECEDENT.  G.L., by and through his guardian *ad litem* CHAVEZ, sues in his individual capacity and seeks compensatory damages for negligent infliction of emotional distress.

9.     At all relevant times, Defendant CITY OF BARSTOW ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and

customs of its various agents and agencies, including the City of Barstow Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 3-10.

10.     Defendants JUAN ZEPEDA ("ZEPEDA") and ANDREW BUESA ("BUESA") are officers working for the City of Barstow and its Police Department. ZEPEDA and BUESA were acting under color of law within the course and scope of their duties as officers for the City of Barstow Police Department. ZEPEDA and BUESA were acting with the complete authority and ratification of their principal, Defendant CITY.

11.     Defendants DOES 3-5 ("DOE OFFICERS") are officers working for the City of Barstow and its Police Department.  DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the City of Barstow Police Department.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

12.     Defendants DOES 6-8 are supervisory officers for the City of Barstow who were acting under color of law within the course and scope of their duties as officers for the City of Barstow Police Department.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

13.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the City of Barstow Police Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the City of Barstow Police Department.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

14.     On information and belief, Defendants ZEPEDA, BUESA, and DOES 3-10 were residents of the City of Barstow and/or County of San Bernardino.

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendants ZEPEDA and BUESA were acting on the implied and actual permission and consent of Defendants City of Barstow Police Department and DOES 6-10.

16.     In doing the acts and failing and omitting to act as hereinafter described, Defendants ZEPEDA and BUESA were acting on the implied and actual permission and consent of the CITY.

17.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 3-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

18.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

20.     Defendants ZEPEDA and BUESA are sued in their individual capacity.

21.     On or around December 16, 2015, pursuant to *Government Code* Section 910, Plaintiffs presented a claim with the City of Barstow in full and timely

COMPLAINT FOR DAMAGES

1  compliance with the *California Tort Claim Act*.  Plaintiffs received no written

2  rejection.

3

4  ## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5      22.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

6  through 21 of this Complaint with the same force and effect as if fully set forth

7  herein.

8      23.    On September 14, 2016, at approximately 7:45 p.m., RENTERIA and

9  CHAVEZ called the City of Barstow Police Department and informed them that

10  DECEDENT was schizophrenic and bipolar, needed mental help, and had not taken

11  his medicine.  In response to this call, ZEPEDA and/or BUESA and/or DOE

12  OFFICERS arrived at DECEDENT's home on 750 East Armory Road in the City of

13  Barstow, California, where DECEDENT lived with Plaintiffs RENTERIA and

14  CHAVEZ.  When ZEPEDA and/or BUESA and/or DOE OFFICERS arrived,

15  CHAVEZ informed them that DECEDENT needed to take his medication to

16  stabilize and recommended that the police take him in for a mental hold.

17  DECEDENT was not at the residence at the time that the officers responded to the

18  7:45 p.m. call, and ZEPEDA and/or BUESA and/or DOE OFFICERS left the

19  residence.

20      24.    At approximately 8:09 p.m., DECEDENT returned to the residence,

21  and RENTERIA and CHAVEZ called the police again out of concern for

22  DECEDENT's mental health.  DECEDENT was also not at the residence by the

23  DOE OFFICERS responded to the 8:09 p.m. call, and the officers left the residence.

24  DECEDENT returned to the residence at approximately 8:40 p.m., at which time

25  Plaintiff CHAVEZ told DECEDENT that he needed help and that he was not

26  permitted to reenter the residence until he spoke with the police officers.

27  DECEDENT agreed and waited outside in the backyard for the officers to arrive.

28

25.     ZEPEDA and BUESA arrived at the residence shortly after the 8:40 p.m. call.  CHAVEZ explained to ZEPEDA and BUESA that DECEDENT was schizophrenic and needed help.  ZEPEDA and BUESA were also aware of DECEDENT's mental health issues from previous encounters.  Either ZEPEDA or BUESA responded to CHAVEZ, "We're not your babysitter and we're not going to be your bodyguard all night long," or words to that effect.

26.     CHAVEZ led ZEPEDA and BUESA to where DECEDENT was in the backyard.  ZEPEDA and BUESA immediately pointed their guns and/or Tasers at DECEDENT and commanded him to put his hands in the air, thereby improperly detaining him.  DECEDENT immediately complied by putting his hands up in the air.  DECEDENT also stated, "I just want to talk."  ZEPEDA and BUESA commanded DECEDENT to get on the ground, and he responded by saying again, "I just want to talk."  ZEPEDA and BUESA proceeded to use a Taser on DECEDENT.  Even though DECEDENT repeatedly plead with ZEPEDA and BUESA that he just wanted to talk, and despite the fact that DECEDENT could have been restrained with the use of less lethal force, ZEPEDA and BUESA ignored his requests to "just talk" and continued to use the Taser against him, applying painful electric shocks into a clearly confused DECEDENT.

27.     While DECEDENT was shaking uncontrollably from the electric shocks applied to his body, ZEPEDA and BUESA ran towards DECEDENT and began to aggressively wrestle him to the ground. DECEDENT could not control his body as a result of the shocks.  Confused and terrified, he repeated: "I just want to talk, I pay the mortgage." As a result of the physical hands-on force applied by ZEPEDA and BUESA, DECEDENT, ZEPEDA, and/or BUESA fell to the ground. On information and belief, ZEPEDA or BUESA stood up and at the same time dropped his gun to the ground.  He then immediately began to yell, "Where the fuck is my gun, where the fuck is my gun?"  Moments later, this officer retrieved his gun

from behind his legs and fired at DECEDENT, who was still on the ground, from approximately four to five feet away.

28.     DECEDENT was unarmed during the entirety of this incident, and there was no indication that DECEDENT could possibly be armed.  The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was not armed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. As a result of the use of excessive force, DECEDENT endured severe pain and suffering and then lost his life and earning capacity.

29.     After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Plaintiff RENTERIA ran to DECEDENT and begged him not to die.  RENTERIA turned DECEDENT onto his side to prevent him from suffocating on his blood.  As she was holding DECEDENT, ZEPEDA and BUESA yelled at her. "Get the fuck away, get the fuck away."  ZEPEDA and/or BUESA then grabbed RENTERIA, who is disabled, and pulled her away from her dying son.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries.

30.     Plaintiff CHAVEZ was in the backyard at the time of the incident and observed ZEPEDA and BUESA shoot and kill her brother from approximately 10-15 feet away.  Plaintiff G.L., DECEDENT's nephew, observed the incident from a side porch approximately 5-10 feet away from DECEDENT.  Plaintiff RENTERIA, DECEDENT's mother, also observed the incident when she exited the residence behind CHAVEZ.  Plaintiffs CHAVEZ, G.L., and RENTERIA further observed DECEDENT suffering after the shooting.

31.     Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.  DECEDENT paid the mortgage on the residence where he lived with RENTERIA, and DECEDENT was RENTERIA's full-time caretaker.

32.     Plaintiffs RENTERIA and POWELL are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural parents of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)

(By Plaintiffs RENTERIA and POWELL against Defendants ZEPEDA, BUESA, and DOE OFFICERS)

33.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34.     Defendants ZEPEDA and BUESA detained DECEDENT without reasonable suspicion and arrested him without probable cause.

35.     When Defendants ZEPEDA and BUESA pointed a gun and a Taser at DECEDENT, shot DECEDENT, Tased DECEDENT, and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36.     The conduct of Defendants ZEPEDA and BUESA was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants ZEPEDA and BUESA.

37.     As a result of their misconduct, Defendants ZEPEDA and BUESA are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

38.     Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs POWELL and RENTERIA against Defendants ZEPEDA, BUESA, and DOE OFFICERS)

39.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     Defendants ZEPEDA and BUESA used excessive force against DECEDENT when they used Tasers against him, took him to the ground, and shot him.  the unjustified Tasing, shooting, and other uses of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41.     Each of the Defendant DOE OFFICERS integrally participated and/or failed to intervene.

42.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

43.     The conduct of Defendants ZEPEDA, BUESA, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants ZEPEDA and BUESA and DOE OFFICERS.

44.     The shooting, Tasing, and use of force was excessive and unreasonable, especially because DECEDENT was unarmed and posed no immediate threat of death or serious bodily injury at the time of the shooting.  Further, the shooting, Tasing, and use of force against DECEDENT violated Defendants' training and standard police officer training.

45.     Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiffs POWELL and RENTERIA against Defendants ZEPEDA, BUESA, and DOE OFFICERS)

46.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.      The denial of medical care by Defendants ZEPEDA, BUESA, and DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

49.     Defendants ZEPEDA, BUESA, and DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

50.     The conduct of ZEPEDA, BUESA, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants ZEPEDA, BUESA, and DOE OFFICERS.

51.     As a result of their misconduct, Defendants ZEPEDA, BUESA, and DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

52.     Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek punitive damagaes and attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiffs RENTERIA and POWELL against Defendants ZEPEDA, BUESA, and DOE OFFICERS)

53.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

55.     As the natural father of DECEDENT, Plaintiff POWELL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property, including but not limited to unwarranted state interference in Plaintiff POWELL'S familial relationship with his son, DECEDENT.

56.     As the natural mother of DECEDENT, Plaintiff RENTERIA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property, including but not limited to unwarranted state interference in Plaintiff RENTERIA'S familial relationship with her son, DECEDENT.

57.     As a direct and proximate result of aforementioned actions of ZEPEDA, BUESA, and DOE OFFICERS, including their use of excessive and unreasonable force against DECEDENT, DECEDENT experienced pain and suffering and eventually died.  ZEPEDA, BUESA, and DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

58.     As a direct and proximate cause of the acts of ZEPEDA, BUESA, and DOE OFFICERS, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

59.     The conduct of ZEPEDA, BUESA, and DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

1  DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and

2  punitive damages as to Defendants ZEPEDA, BUESA, and DOE OFFICERS.

3      60.    Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's

4  successors-in-interest as defined in Section 377.11 of the California Code of Civil

5  Procedure and seek both survival and wrongful death damages for the violation of

6  DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees.

7

8  **FIFTH CLAIM FOR RELIEF**

9  **Municipal Liability – Ratification (42 U.S.C. § 1983)**

10  (By Plaintiffs POWELL and RENTERIA against Defendants CITY and DOES 6-

11  10)

12      61.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

13  through 60 of this Complaint with the same force and effect as if fully set forth

14  herein.

15      62.    Defendants ZEPEDA and BUESA acted under color of law;

16      63.    The acts of Defendants ZEPEDA and BUESA deprived DECEDENT

17  and Plaintiffs of their particular rights under the United States Constitution.

18      64.    Upon information and belief, a final policymaker, acting under color of

19  law, who had final policymaking authority concerning the acts of Defendants

20  ZEPEDA and BUESA, ratified Defendants ZEPEDA and BUESA's acts and the

21  bases for them.  Upon information and belief, the final policymaker knew of and

22  specifically approved of Defendants ZEPEDA and BUESA's acts.

23      65.    Upon information and belief, a final policymaker has determined (or

24  will determine) that the acts of Defendants ZEPEDA and BUESA were "within

25  policy."

26      66.    By reason of the aforementioned acts and omissions, Plaintiffs have

27  suffered loss of the love, companionship, affection, comfort, care, society, training,

28  guidance, and past and future support of DECEDENT.  The aforementioned acts and

1  omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,
2  and death.

3      67.    Accordingly, Defendants CITY and DOES 6-10 each are liable to
4  Plaintiffs for compensatory damages under 42 U.S.C. § 1983 under this claim.

5      68.    Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's
6  successors-in-interest as defined in Section 377.11 of the California Code of Civil
7  Procedure and seek both survival and wrongful death damages for the violation of
8  DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees
9  under this claim.

10

11              **SIXTH CLAIM FOR RELIEF**

12      **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

13  (By Plaintiffs POWELL and RENTERIA against Defendants CITY and DOES 6-
14                        10)

15      69.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
16  through 68 of this Complaint with the same force and effect as if fully set forth
17  herein.

18      70.    Defendants ZEPEDA and BUESA acted under color of law.

19      71.    The acts of Defendants ZEPEDA and BUESA deprived DECEDENT
20  and Plaintiffs of their particular rights under the United States Constitution.

21      72.    The training policies of Defendant CITY were not adequate to train its
22  officers to handle the usual and recurring situations with which they must deal.

23      73.    Defendant CITY was deliberately indifferent to the obvious
24  consequences of its failure to train its officers adequately.

25      74.    The failure of Defendant CITY to provide adequate training caused the
26  deprivation of Plaintiffs' rights by Defendants ZEPEDA and BUESA; that is,
27  Defendants' failure to train is so closely related to the deprivation of the Plaintiffs'
28  rights as to be the moving force that caused the ultimate injury.

75.     On information and belief, CITY failed to train ZEPEDA and BUESA properly and adequately.

76.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

77.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 under this claim.

78.     Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees.

## SEVENTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By Plaintiffs RENTERIA and POWELL against Defendants CITY and DOES 6-10)

79.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.     Defendants ZEPEDA and BUESA acted under color of law.

81.     Defendants ZEPEDA and BUESA acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

82.     On information and belief, Defendants ZEPEDA and BUESA were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

83. Defendants CITY and DOE OFFICERS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as police officers individuals such as Defendants ZEPEDA and BUESA, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants ZEPEDA and BUESA, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendants DOE OFFICERS;

(f) Failing to adequately discipline CITY police officers, including Defendants ZEPEDA and BUESA, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

-16-

(h)   Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)   Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

84.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

85.   Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of

-17-

these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

86.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

87.    Accordingly, Defendants CITY, DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 under this claim.

88.    Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(By Plaintiffs RENTERIA and POWELL against Defendants CITY, ZEPEDA, DOE OFFICERS, and BUESA)

89.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.    Defendants ZEPEDA and BUESA, while working as officers for the CITY and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace,

1  fraud, deceit, and unreasonable duress.  ZEPEDA and BUESA detained

2  DECEDENT without reasonable suspicion and arrested him without probable cause.

3      91.    DECEDENT did not knowingly or voluntarily consent.

4      92.    Defendants ZEPEDA and BUESA detained DECEDENT for an

5  appreciable amount of time.

6      93.    The conduct of ZEPEDA and BUESA was a substantial factor in

7  causing the harm to DECEDENT.

8      94.    DOE OFFICERS integrally participated or failed to intervene in the

9  false arrest of DECEDENT.

10     95.    Defendant CITY is vicariously liable for the wrongful acts of

11  Defendants ZEPEDA and BUESA pursuant to section 815.2(a) of the California

12  Government Code, which provides that a public entity is liable for the injuries

13  caused by its employees within the scope of the employment if the employee's act

14  would subject him or her to liability.

15     96.    The conduct of ZEPEDA and BUESA was malicious, wanton,

16  oppressive, and accomplished with a conscious disregard for the rights of

17  DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

18     97.    As a result of their misconduct, Defendants ZEPEDA, DOE

19  OFFICERS, and BUESA are liable for DECEDENT's injuries, either because they

20  were integral participants in the wrongful detention and arrest, or because they

21  failed to intervene to prevent these violations.

22     98.    Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's

23  successors-in-interest as defined in Section 377.11 of the California Code of Civil

24  Procedure and seek both survival and wrongful death damages for the violation of

25  DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees.

26

27

28

# NINTH CLAIM FOR RELIEF

## Battery

(Wrongful Death)

(By Plaintiffs RENTERIA and POWELL against Defendants CITY, ZEPEDA, DOE OFFICERS, and BUESA)

99.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

100.   ZEPEDA and BUESA, while working as officers for the CITY and acting within the course and scope of his duties, intentionally Tased and shot DECEDENT multiple times and also roughly took him to the ground, thereby using unreasonable and excessive force against him.  As a result of the actions of ZEPEDA and BUESA, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  ZEPEDA and BUESA had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

101.   DOE OFFICERS integrally participated and/or failed to intervene in the uses of force, including deadly force, against DECEDENT.

102.   As a direct and proximate result of the conduct of ZEPEDA and DOE OFFICERS BUESA and as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.  Also as a direct and proximate result of the conduct of ZEPEDA and BUESA as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

103.   CITY is vicariously liable for the wrongful acts of Defendants ZEPEDA, BUESA, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

104.   The conduct of ZEPEDA, DOE OFFICERS, and BUESA was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants ZEPEDA, DOE OFFICERS, and BUESA.

105.   Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees.

## **TENTH CLAIM FOR RELIEF**

### **Negligence (including negligent tactics and negligent use of force)**

(Wrongful Death)

(By Plaintiffs RENTERIA and POWELL against all Defendants)

106.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 105 of this Complaint with the same force and effect as if fully set forth herein.

107.   Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

108.    Defendants ZEPEDA, BUESA, and DOES 3-10 breached this duty of care.  Upon information and belief, the actions and inactions of Defendants ZEPEDA, BUESA, and DOES 3-10 were negligent and reckless, including but not limited to:

(a)    the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

-21-

(b)   the negligent tactics and handling of the situation with DECEDENT, including pre-shooting and pre-Tasing negligence;

(c)   the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)   the failure to provide prompt medical care to DECEDENT;

(e)   the failure to properly train and supervise employees, both professional and non-professional, including ZEPEDA, BUESA, and DOE OFFICERS, including training with regard to handling situations with mentally ill individuals;

(f)   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)   the negligent handling of evidence and witnesses; and

(h)   the negligent communication of information during the incident;

(i)   the negligent handling

109.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

110.   CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

111.   Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees under this claim.

## ELEVENTH CLAIM FOR RELIEF
### (Violation of Cal. Civil Code § 52.1)
(By Plaintiffs RENTERIA and POWELL against all Defendants)

112.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 111 of this Complaint with the same force and effect as if fully set forth herein.

113.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

114.   On information and belief, Defendants ZEPEDA, DOE OFFICERS, and BUESA, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by roughly taking him to the ground, Tasing and shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

115.   When Defendants ZEPEDA and BUESA shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

116.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

-23-

117.  On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants ZEPEDA, DOE OFFICERS and BUESA were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

118.   Defendants thus successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

119.  The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

120.  CITY is vicariously liable for the wrongful acts of Defendants ZEPEDA, DOE OFFICERS, and BUESA, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

121.  Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

122.  The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants ZEPEDA and BUESA.

123.  Plaintiffs POWELL and RENTERIA bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek punitive damages and attorney's fees.

//

//

//

//

# TWELFTH CLAIM FOR RELIEF

## Negligence–Bystander

(By Plaintiffs RENTERIA, G.L., and CHAVEZ against Defendants CITY, ZEPEDA, DOE OFFICERS, and BUESA)

124.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 123 of this Complaint with the same force and effect as if fully set forth herein.

125.   Defendants ZEPEDA, DOE OFFICERS, and BUESA, while working as police officers for the CITY of Barstow Police Department and while acting within the course and scope of their duties, negligently and carelessly inflicted such emotional distress when they intentionally shot and killed DECEDENT in front of G.L., CHAVEZ, and RENTERIA.

126.   Plaintiffs G.L., CHAVEZ, and RENTERIA were present and/or near the scene of the incident when the shooting of DECEDENT occurred.  G.L., CHAVEZ, and RENTERIA were aware that DECEDENT was being injured at the time of the shooting.

127.   As a direct and proximate cause of Defendants' conduct, Plaintiffs G.L., CHAVEZ, and RENTERIA were caused to suffer severe emotional distress, including but not limited to anxiety, anguish, humiliation, and other injuries to their nervous system.

128.   RENTERIA is the mother of DECEDENT.

129.   G.L. is DECEDENT's nephew.

130.   CHAVEZ is DECEDENT's sister.

131.   Plaintiffs G.L., CHAVEZ, and RENTERIA bring this claim in their individual capacities and seek compensatory damages and attorney's fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Loretta Chavez; G.L., by and through his guardian ad litem, Loretta Chavez; Rosemary Renteria; and David Powell, Sr., request entry of judgment in their favor and against Defendants City of Barstow, Juan Zepeda, Andrew Buesa, and DOES 3-10, inclusive, as follows:

A.   For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B.   For funeral and burial expenses, and loss of financial support;

C.   For punitive damages against the individual defendants in an amount to be proven at trial;

D.   For statutory damages;

E.   For interest;

F.   For reasonable attorney's fees, including litigation expenses;

G.   For costs of suit; and

H.   For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  November 18, 2016          LAW OFFICES OF DALE K. GALIPO
                                   RANDOLPH & ASSOCIATES


                                   By  /s/ Dale K. Galipo
                                   _____
                                   Dale K. Galipo
                                   Don Randolph
                                   Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury.

3

4
DATED:  November 18, 2016          LAW OFFICES OF DALE K. GALIPO
                                   RANDOLPH & ASSOCIATES

5

6

7
                                   By  /s/ Dale K. Galipo
                                   _____

8
                                   Dale K. Galipo
                                   Don Randolph
                                   Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES