ARTHUR K. CUNNINGHAM, SB# 97506
E-Mail: Arthur.Cunningham@lewisbrisbois.com
JOHN M. PORTER, SB# 62427
E-Mail: John.Porter@lewisbrisbois.com
ERIC T. ANGEL, SB# 293157
E-Mail: Eric.Angel@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: 909.387.1130
Facsimile: 909.387.1138

Attorneys for Defendant
CITY OF BARSTOW, JUAN ZEPEDA,
and ANDREW BUESA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID POWELL, SR., etc., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF BARSTOW, et al., <br><br> Defendants. | CASE NO. 16-CV-01472-JGB (KKx) <br><br> **ANSWER TO PLAINTIFFS' FIRST AMENDED [CORRECTED] COMPLAINT FOR DAMAGES [E.C.F. No.25-1];** <br><br> **and** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants, CITY OF BARSTOW, JUAN ZEPEDA and ANDREW BUESA, in answer to Plaintiffs' First Amended [Corrected] Complaint [E.C.F. No.25-1] herein, admit, deny and allege as follows.

## JURISDICTION AND VENUE

1. Answering paragraphs 1-2, Defendants admit that plaintiff makes such allegations, and that venue and jurisdiction are proper. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraphs are denied.

## INTRODUCTION

2. Answering paragraph 3, Defendants admit Plaintiffs are seeking

1 compensatory and punitive damages from Defendants for allegations that
2 Defendants violated various rights under the United States Constitution and state
3 law in connection with a shooting that occurred on September 14, 2015, of David
4 Powell, Jr. Defendants deny any United States Constitutional or state law rights
5 were violated.

## PARTIES

3. Answering paragraphs 4-8, Defendants admit the capacity allegations thereof. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraphs are denied.

4. Answering paragraph 9, Defendants admit that the City of Barstow is a public agency, and employs police officers and establishes policies for such officers. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraphs are denied.

5. Answering paragraph 10, Defendants admit that Juan Zepeda and Andrew Buesa are officers working for the City of Barstow and its Police Department. Defendants admit both were acting under color of law within the course and scope of their duties as officers for the City of Barstow Police Department. Defendants admit both officers were acting with the authority and ratification of their principal, City of Barstow.

6. Answering paragraphs 11-13, Defendants have insufficient knowledge and belief upon which to base a response to the allegations thereof, and on that basis, Defendants deny each and every and all and singular of the allegations of said paragraphs.

7. Answering paragraph 14, Defendants believe that the residence of Juan Zepeda and Andrew Buesa are irrelevant and invades the privacy of the answering officers, particularly in light of the fact that Defendants have admitted that venue is proper. Except as otherwise expressly admitted, Defendants have insufficient knowledge and belief upon which to base a response to the allegations thereof, and

on that basis, Defendants deny each and every and all and singular of the allegations of said paragraph not expressly admitted.

8. Answering paragraphs 15-19, Defendants have insufficient knowledge and belief upon which to base a response to the allegations thereof, and on that basis, Defendants deny each and every and all and singular of the allegations of said paragraphs.

9. Answering paragraph 20, Defendants admit that Juan Zepeda and Andrew Buesa are sued in their individual capacities.

10. Answering paragraph 21, Defendants admit that the plaintiffs filed tort claims with the City which were rejected by operation of law.

## FACTS COMMON TO ALL CLAIMS

11. Answering paragraph 22, Defendants incorporate by reference its response to paragraphs 1-21 as though fully set forth at this point.

12. Answering paragraph 23, Defendants admit that plaintiffs contacted the police department on multiple occasions concerning decedent on September 14, 2015, that they indicated decedent was not taking his medications and had assaulted persons at the residence. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraph are denied.

13. Answering paragraph 24, Defendants admit that plaintiffs contacted the police department concerning decedent on September 14, 2015, that officers responded, and on two occasions decedent could not be located by officers. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraph are denied.

14. Answering paragraph 25, Defendants admit that police officers responded to the residence a third time, and that at one point that evening, officers informed the plaintiffs that they could not remain at the house indefinitely waiting for decedent to return. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraph are denied.

15. Answering paragraph 26, Defendants admit that officers contacted decedent and directed him to place his hands on his head for officer safety. Decedent was non-compliant and in response to his active resistance a Taser was employed which was only minimally effective. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraph are denied.

16. Answering paragraph 27, Defendants admit that an officer attempted to control the decedent and was unable to do so. The force used by the decedent overcame the efforts of the officers to control him and he assaulted and battered one officer, who could not defend himself. An officer, believing his partner was about to be killed by decedent, fired his weapon in defense of that officer's life. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraph are denied.

17. Answering paragraph 28, Defendants admit that the decedent, who weighed over 250 pounds, was not armed. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraph are denied.

18. Answering paragraph 29, Defendants admit plaintiff approached them and decedent was ordered back. Except as otherwise expressly admitted, each and every and all and singular of the allegations of said paragraph are denied.

19. Answering paragraphs 30, 31, and 32, Defendants have insufficient knowledge and belief upon which to base a response to the allegations thereof, and on that basis, Defendants deny each and every and all and singular of the allegations of said paragraphs.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiffs RENTERIA and POWELL against Defendants ZEPEDA, BUESA, and DOE OFFICERS)

20. Answering paragraph 33, Defendants incorporate by reference their

response to paragraph 1-32 as though fully set forth at this point.

21. Defendants deny the allegations of paragraphs 34-38.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs POWELL and RENTERIA against Defendants ZEPEDA, BUESA, AND DOE OFFICERS)

22. Answering paragraph 39, Defendants incorporate by reference their response to paragraphs 1-38 as though fully set forth at this point.

23. Defendants deny the allegations of paragraphs 40-45.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)

(By Plaintiff POWELL and RENTERIA against Defendants ZEPEDA, BUESA, and DOE OFFICERS)

24. Answering paragraph 46, Defendants incorporate by reference their response to paragraphs 1-45 as though fully set forth at this point.

25. Defendants deny the allegations of paragraphs 47-52.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By Plaintiffs RENTERIA and POWELL against Defendants ZEPEDA, BUESA, and DOE OFFICERS)

26. Answering paragraph 53, Defendants incorporate by reference their response to paragraph 1-52 as though fully set forth at this point.

27. Defendants deny the allegations of paragraph 54-60.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By Plaintiffs POWELL and RENTERIA against Defendants CITY and DOES 6-10)

28. Answering paragraph 61, Defendants incorporate by reference their

response to paragraph 1-60 as though fully set forth at this point.

29. Defendants deny the allegations of paragraphs 62-68.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiffs POWELL and RENTERIA against Defendants CITY and DOES 6-10)

30. Answering paragraph 69, Defendants incorporate by reference their response to paragraphs 1-68 as though fully set forth at this point.

31. Defendants deny the allegations of paragraphs 70-78.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)

(By Plaintiffs RENTERIA and POWELL against Defendants CITY and DOES 6-10)

32. Answering paragraph 79, Defendants incorporate by reference their response to paragraphs1-78 as though fully set forth at this point.

33. Defendants deny the allegations of paragraphs 80-88.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(By Plaintiffs RENTERIA and POWELL against Defendants CITY, ZEPEDA, DOE OFFICERS, and BUESA)

34. Answering paragraph 89, Defendants incorporate by reference their response to paragraphs1-88 as though fully set forth at this point.

35. Defendants deny the allegations of paragraphs 90-98.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death)

(By Plaintiffs RENTERIA and POWELL against Defendants CITY, ZEPEDA, DOE OFFICERS, and BUESA)

36. Answering paragraph 99, Defendants incorporate by reference their response to paragraphs1-97 as though fully set forth at this point.

37. Defendants deny the allegations of paragraph) 99-105.

## TENTH CLAIM FOR RELIEF

**Negligence (including negligent tactics and negligent use of force)**

(Wrongful death)

(By Plaintiffs RENTERIA and POWELL against all Defendants)

38. Answering paragraph 106, Defendants incorporate by reference their response to paragraphs1-105 as though fully set forth at this point.

39. Defendants deny the allegations of paragraphs 107-111.

## ELEVENTH CLAIM FOR RELIEF

**(Violation of Cal. Civil Code § 52.1)**

(By Plaintiffs RENTERIA and POWELL against all Defendants)

40. Answering paragraph 112, Defendants incorporate by reference their response to paragraph(s)1-111 as though fully set forth at this point.

41. Defendants deny the allegations of paragraphs 113-123.

## TWELFTH CLAIM FOR RELIEF

**Negligence—Bystander**

(By Plaintiffs RENTERIA, G.L., and CHAVEZ against Defendants CITY, ZEPEDA, DOE OFFICERS, and BUESA)

42. Answering paragraph 124, Defendants incorporate by reference their response to paragraphs 1-123 as though fully set forth at this point.

43. Defendants deny the allegations of paragraphs 124-131.

## AFFIRMATIVE DEFENSES

1. The complaint, and each alleged claim for relief or cause of action therein, fails to state a claim against defendants upon which relief can be granted.

2. Without shifting the burden of pleading or proof, which is on the plaintiffs, actions at issue in this lawsuit were the result of or authorized by probable

cause, reasonable suspicion, exigent circumstances, and/or reasonable mistake of law or fact.

3. Without shifting the burden of pleading or proof, which is on the plaintiffs, actions at issue in this lawsuit were the result of actions taken in self defense, in defense of others, and in protection of the public.

4. There is a split of authority between the Ninth Circuit and every other circuit about the requirements for pleading and prove a substantive due process claim based on a death. To preserve this issue for appeal, defendants invoke the rule of every other circuit that a plaintiff cannot recover for "loss of familial relationship" under the 14th Amendment.

5. The individual defendants are entitled to qualified immunity from suit.

6. Any and all events and happenings, injuries and damages, if any, referred to in the complaint, were proximately caused and contributed to by the negligence and misconduct of the decedent.

7. Defendants place at issue the provisions of California Civil Code § 1431, limiting defendant's liability, if any, for non-economic damages by a direct proportion to the percentage of fault as allocated by the trier of fact.

8. A public entity is not liable for an injury unless liability is provided by statute. Government Code § 815(a).

9. The liability of a public entity is subject to any immunity provided by statute, and is subject to any defenses available to a private person. Government Code § 815(b).

10. A public entity is not liable for an injury resulting from an act or omission of its employee where the employee is immune from liability. Government Code § 815.2(b).

11. A public employee is entitled to any defense that would be available if he or she were a private person. Government Code § 820, and a public entity is entitled to any such defense. Government Code § 815.2(a).

1  12. Except as otherwise provided by statute, a public employee, and his or
2 her employing public entity, are not liable for an injury resulting from his or her act
3 or omission, where the act or omission was the result of the exercise of the
4 discretion vested in him or her, whether or not such discretion be abused.
5 Government Code § 820.2.

6  13. A public employee, and his or her employing public entity, are not
7 liable for his or her act or omission, exercising due care, in the execution or
8 enforcement of any law. Government Code § 820.4.

9  WHEREFORE, Defendants prays that plaintiffs take nothing by reason of
10 their complaint, that judgment be entered for Defendants, and that Defendants be
11 awarded their costs of suit and attorneys' fees under state and federal law.

12 DATED: January 20, 2017        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ John M. Porter
        John M. Porter
        Attorneys for Defendants
        CITY OF BARSTOW, JUAN ZEPEDA,
        and ANDREW BUESA

**DEMAND FOR JURY TRIAL**

These answering Defendants, and each of them, demand a trial by jury as to all issues framed by the pleadings.

DATED: January 20, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  /s/ John M. Porter
John M. Porter
Attorneys for Defendants
CITY OF BARSTOW, JUAN ZEPEDA, AND ANDREW BUESA